IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
FEB 29 2000
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT

| | | |
|---|---|---|
| KENNETH HICKS and ERNEST WRIGHT, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CIVIL ACTION NUMBER |
| BUFFALO ROCK COMPANY, INC., | ) ) | 98-C-2443-S |
| Defendant. | ) ) | |

ENTERED
MAR -1 2000

## MEMORANDUM OPINION ON DEFENDANT'S MOTION TO ENFORCE SETTLEMENT

On December 14, 1999, Adam M. Porter, counsel for Plaintiffs, wrote to Clifford M. Spencer, Jr., counsel for Defendant. The letter concluded by making a settlement demand of $15,000 for Plaintiff Ernest Wright and $40,000 for Plaintiff Kenneth Hicks. On February 19, 2000, Porter reiterated the settlement demand in a conversation with Spencer. Two days later, Spencer accepted the offer on behalf of his clients. He prepared and forwarded to Porter a *Stipulation of Dismissal and Settlement Agreements*. On February 23, Porter informed Spencer that his clients "wanted to back out of the settlement." Spencer Aff.

There is no dispute but that Porter had the authority to settle the case on behalf of his clients.

Defendant Buffalo Rock Company has now moved to enforce the settlement.



The settlement is due to be enforced. While Porter's lips are silenced by the cloak of attorney client privilege, it is highly unlikely that he would have made the settlement demand without the knowledge and consent of his clients. The settlement amount for each Plaintiff is well within a range of reasonableness, given the damages he proposed to prove at the trial of this case. Doc. 23, pp. 7, 14. But the pivotal fact is that at no time prior to Spencer's acceptance of their settlement demands did Plaintiffs communicate to Buffalo Rock, its counsel, or the Court that Porter no longer had the authority to settle their cases.

As a general proposition of law, a lawyer has the authority to settle a case on behalf of his client, unless the client affirmatively communicates to the adverse party a lack of settlement authority. *Ford v. Citizens & Southern Nat'l Bank, Cartersville,* 928 F.2d 1118, 1121 (11th Cir.1991); *In re Cheriogotis,* 188 B.R. 996, 999-1000 (M.D. Ala.1994). And once a plaintiff's offer of settlement is accepted by a defendant, the plaintiff is not thereafter free to change his mind and withdraw the offer. *Peerless Casualty Co. v. Housing Authority,* 228 F.2d 376, 378 (5th Cir.1955); *In re Hopson,* 216 B.R. 297, 301 (N.D. Ga.1997).

By separate order, the motion to enforce the settlement agreement will be granted.

DONE this 29TH day of February, 2000.

*/s/ U. W. Clemon*
UNITED STATES DISTRICT JUDGE
U. W. CLEMON